1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT

8                            EASTERN DISTRICT OF CALIFORNIA

9

10   TIMOTHY JOHNSON,                          1:11-CV-01809 GSA HC
11                        Petitioner,          ORDER DISMISSING PETITION FOR WRIT
12        v.                                   OF HABEAS CORPUS

13                                             ORDER DIRECTING CLERK OF COURT
     CALIFORNIA BOARD OF PAROLE                TO ENTER JUDGMENT AND CLOSE CASE
14   HEARING,
                                               ORDER DECLINING ISSUANCE OF
15                        Respondent.          CERTIFICATE OF APPEALABILITY
     _____/
16

17        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the magistrate judge pursuant

19   to 28 U.S.C. § 636(c).

20        On October 31, 2011, Petitioner filed the instant petition for writ of habeas corpus.  He

21   challenges the California Board of Parole Hearings' application of parole guidelines as modified by

22   California Proposition 9 ("Marsy's Law") at his April 10, 2010, parole hearing.

23   A.  Preliminary Review of Petition

24        Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

25        If it plainly appears from the petition and any attached exhibits that the petitioner is not
          entitled to relief in the district court, the judge must dismiss the petition and direct the clerk
26        to notify the petitioner.

27   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

28   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1    dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th

2    Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it

3    appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

4    440 F.2d 13, 14 (9th Cir. 1971).  The Court will review the instant petition pursuant to its authority

5    under Rule 4.

6    B.  Failure to State a Cognizable Ground for Relief

7          On January 24, 2011, the Supreme Court issued its opinion in Swarthout v. Cooke, ___

8    U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011), and held that "the responsibility for assuring that

9    the constitutionally adequate procedures governing California's parole system are properly applied

10   rests with California courts, and is no part of the Ninth Circuit's business." Id., 131 S.Ct. at 863.

11   The Supreme Court stated that a federal habeas court's inquiry into whether a prisoner denied parole

12   received due process is limited to determining whether the prisoner "was allowed an opportunity to

13   be heard and was provided a statement of the reasons why parole was denied." Id., at 862, citing,

14   Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).  Review of

15   the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be

16   heard, and was provided a statement of reasons for the parole board's decision. (See Petition Ex. A.)

17   According to the Supreme Court, this is "the beginning and the end of the federal habeas courts'

18   inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862. "The

19   Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, to the extent

20   Petitioner may challenge the decision of the parole board, his claims are not cognizable.

21         Here, Petitioner does not appear to challenge to the parole board's actual decision.  Rather,

22   Petitioner claims the Board improperly applied Marsy's Law in his case in setting his next hearing.

23   He first contends Marsy's Law should not have been applied because he was not convicted of murder

24   and Marsy's Law only applies to those who have sustained a conviction for murder.  Petitioner is

25   incorrect.  Marsy's Law applies to all parole suitability determinations. Cal. Penal Code § 3041.5(a).

26         Petitioner also claims Marsy's Law was applied to him retroactively in violation of his due

27   process rights.  He states his parole hearing was initially scheduled for February 28, 2008, prior to

28   the passage of Marsy's Law.  However, his parole hearing was postponed several times until April

10, 2010.  At that hearing, Marsy's Law was applied and Petitioner was denied parole for a period of three years.  Had pre-Marsy's Law standards been used, he would have been denied parole for a maximum of two years.

The Ex Post Facto Clause of the United States Constitution prohibits the states from passing any "ex post facto law," a prohibition that "is aimed at laws 'that retroactively alter the definition of crimes or increase the punishment for criminal acts.'" Cal. Dept. of Corrections v. Morales, 514 U.S. 499, 504 (1995); see also Weaver v. Graham, 450 U.S. 24, 28 (1981) (providing that "[t]he ex post facto prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'"). The United States Supreme Court has held that "[r]etroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." Garner v. Jones, 529 U.S. 244, 250 (2000).

On November 4, 2008, California voters passed Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," which, *inter alia*, altered the frequency of parole hearings for prisoners not found suitable for parole.  Cal. Penal Code § 3041.5; Cal. Const., art. I, § 28.  Prior to the passage of Proposition 9, in the event a prisoner was determined unsuitable for parole, a subsequent parole hearing would be held annually thereafter. Cal Penal Code § 3041.5(b)(2) (2008).  If the parole board determined it was not reasonable to expect parole would be granted within the next year, it could defer rehearing for two years. Id.  If the prisoner was convicted of murder and it was not reasonable to expect he/she would be granted parole within the year, the board could select a rehearing term of up to five years. Id. Proposition 9 changed the frequency of subsequent parole hearings as follows:

> The board shall schedule the next hearing, after considering the views and interests of the victim, as follows:
>
> (A) Fifteen years after any hearing at which parole is denied, unless the board finds by clear enumerated in subdivision (a) of Section 3041 are such that consideration of the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than 10 additional years.
>
> (B) Ten years after any hearing at which parole is denied, unless the board finds by clear and convincing evidence that . . . consideration of the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than seven additional

1    years.

2             (C) Three years, five years, or seven years after any hearing at which parole is denied,
      because . . . consideration of the public and victim's safety requires a more lengthy period of
3    incarceration for the prisoner, but does not require a more lengthy period of incarceration for
      the prisoner  and convincing evidence that the criteria relevant to the setting of parole release
4    dates than seven additional years.

5    Cal. Penal Code § 3041.5(b)(3) (November 4, 2008).

6           Petitioner claims an ex post facto violation occurred when Marsy's Law was applied to him

7    retroactively.  Prior to passage of Marsy's Law, Petitioner was eligible for a parole review hearing in

8    two years.  Petitioner asserts that with the application of Marsy's Law, he has been deferred a

9    subsequent parole hearing for three years.  Nevertheless, the Court does not find an ex post facto

10   violation.

11          In Morales, a California statute changed the frequency of reconsideration hearings for parole

12   from every year to up to three years for prisoners convicted of more than one murder. 514 U.S. at

13   503.  The Supreme Court determined the statute did not violate ex post facto because the retroactive

14   application of the change in California law did not create "'a sufficient risk of increasing the measure

15   of punishment attached to the covered crimes.'" Garner v. Jones, 529 U.S. 244, 250 (2000), quoting,

16   Morales, 514 U.S. at 509.  The Supreme Court noted that the law "did not modify the statutory

17   punishment for any particular offenses," it did not "alter the standards for determining either the

18   initial date of parole eligibility or an inmate's suitability for parole," and it "did not change the basic

19   structure of California's parole law." Garner, 529 U.S. at 250, citing, Morales, 514 U.S. at 507.

20   Likewise, in this case Proposition 9 did not modify the punishment for Petitioner's offense of

21   attempted murder, it did not alter his initial parole eligibility date, and it did not change the basic

22   structure of California's parole law.  The board must consider the same factors in determining parole

23   suitability as before.  See Cal. Penal Code 3041(b); Cal. Code Regs., tit. 15, § 2402(b).

24          Nevertheless as noted above, in Garner the Supreme Court found that "[r]etroactive changes

25   in laws governing parole of prisoners, in some instances, may be violative of this precept." 529 U.S.

26   at 250.  In Garner, the Supreme Court determined that an amendment to Georgia's parole law did not

27   violate ex post facto even where the frequency of reconsideration hearings was changed from every

28   three years to every eight years. Id. at 256.  The Court held that it could not conclude that the change

1  in Georgia law lengthened the prisoner's time of actual imprisonment because Georgia law vested

2  broad discretion with the parole board to set a prisoner's date of rehearing.  Id. at 254-56.  In

3  addition, the Court found it significant that the parole board's own policies permitted "expedited

4  parole reviews in the event of a change in [a prisoner's] circumstance or where the Board receives

5  new information that would warrant a sooner review." Id. at 254 [Citation.].

6       Here, the California parole board is still vested with broad discretion in selecting a date of

7  rehearing from three years to 15 years.  While it is true that Petitioner is no longer eligible for a

8  parole review hearing within two years as previously determined by the Board, and a date must be set

9  at the minimum of three years, the Board retains the discretion, as did the Georgia parole board in

10  Garner, to advance a hearing at any time should there be a change in circumstances. Pursuant to Cal.

11  Penal Code § 3041.5(b)(4), the Board

12       may in its discretion, after considering the views and interests of the victim, advance a
         hearing set pursuant to paragraph (3) to an earlier date, when a change in circumstances or
13       new information establishes a reasonable likelihood that consideration of the public and
         victim's safety does not require the additional period of incarceration of the prisoner provided
14       in paragraph (3).

15  Based on the Supreme Court's holding in Garner, this Court does not find, and Petitioner has not

16  demonstrated, that Proposition 9 creates more than just a "speculative and attenuated possibility of

17  producing the prohibited effect of increasing the measure of punishment for covered crimes."

18  Garner, 529 U.S. at 251, quoting, Morales, 514 U.S. at 509.

19       Moreover, the California courts denied Petitioner's claims because it was Petitioner who

20  requested postponement of his parole hearing date.  Petitioner claims he was not responsible for the

21  initial postponement insofar as a psychological report was missing and the Board postponed the

22  hearing to secure said report.  Nevertheless, Petitioner did later request postponement because he

23  fired his appointed attorney and requested another.  Therefore, the California courts properly

24  determined that a prior hearing postponement was at Petitioner's request, and Petitioner cannot be

25  heard to complain that Marsy's Law standards were used at the subsequent 2010 hearing.

26       For the above reasons, Petitioner's challenges to the Board's application of Marsy's Law in

27  his case must fail.

28  C.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)      (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 537 U.S. at 327; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is SUMMARILY DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.


  IT IS SO ORDERED.

**Dated:**   **November 15, 2011**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE